IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER S. SAUL,

      Plaintiff,

v.                                                                                                  No. 1:25-cv-0436-SCY[1]

FIRST FINANCIAL BANK,

      Defendant.

## ORDER TO SHOW CAUSE

*Pro se* Plaintiff Roger S. Saul asserts a fraud claim against Defendant. *See* Complaint for Fraud, Doc. 1, filed May 8, 2025 ("Complaint"). The only factual allegations in the Complaint state:

> 9    Defendant resorted to some deceitful or willful device, with the intent to laden Plaintiff with a *"deficiency" judgement* (about $300,000), despite no such loss of real value of property – which had remained fully occupied in good condition.
>
> 10    **$1,220,250** as appraised...on the 158th day of 2011
>
>                                                                                                                 Exhibit 1
>
> 11    **$610,250** minimum bid accepted...on the 161st day of 2011
>
> 12    The Appraiser is believed to be the same person for both appraisals.
>
> 13    It is not plausible that the valuation of this property could drop by nearly 50% ($1,220,250 to $610,250) in the time between a recent property mortgage refinance [Irwin Union bank] and the Special Master[']s Foreclosure Sale.

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 3, filed March 27, 2025. Plaintiff has paid the filing fee. *See* Doc. 4, filed March 27, 2025. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Complaint at 3 (emphasis in original).  Plaintiff asserts the Court has jurisdiction over this matter based on diversity of citizenship.  *See* Complaint at 2.

The Court has identified the following deficiency and orders Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

The facts alleged by Plaintiff Roger S. Saul regarding Defendant First Financial Bank are essentially identical to facts alleged by Alma A. Saul regarding First Financial Bank in *Saul v. First Financial Bank*.  *See* Complaint, Doc. 1, filed March 27, 2025, *Saul v. First Financial Bank*, No. 1:25-cv-00311-KWR-SCY ("*Alma A. Saul*").  The Court ordered Alma A. Saul to show cause why the Court should not dismiss *Alma A. Saul* and to file an amended complaint after noting that it was not clear that the Court had jurisdiction over Alma A. Saul's claims based on First Financial Bank's acts: (i) in United States Bankruptcy Court because this Court has referred all bankruptcy matters to the United States Bankruptcy Court and Alma A. Saul had not shown that she filed a motion in Bankruptcy Court to with draw the automatic reference to Bankruptcy Court; and (ii) in the foreclosure proceeding in state court because it appeared *Alma A. Saul* may be barred by the *Rooker-Feldman* doctrine.  *See* Order to Show Cause, Doc. 5, filed April 1, 2025, in *Alma A. Saul*.  The Court dismissed *Alma A. Saul* without prejudice because Alma A. Saul's amended complaint did not show that the Court had jurisdiction over her claims arising from arising from First Financial Bank's statements in United States Bankruptcy Court or in state court.  *See* Order of Dismissal, Doc. 9, filed May 2, 2025, in *Alma A. Saul*.

> Plaintiff Roger S. Saul states in this case that:
>
> Plaintiff's *"federal claim is **not directly challenging a state court judgment**, but rather a separate, independent issue,"* (not included in the State Court case concerning mortgage foreclosure judgment, but rather the issue of fraud descending from post-judgment actions regarding the special master's foreclosure sale, and appraiser.

Complaint at 2, ¶ 6 (italics in original, bold added).

It appears Plaintiff is asserting that the *Rooker-Feldman* doctrine does not deprive this court of jurisdiction over this case. *See Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019) ("Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction"). "But even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may still be subject to *Rooker-Feldman* if those claims are inextricably intertwined with a state court judgment." *Jakupovic v. Curran*, 850 F.3d 898, 902 (10th Cir. 2017). This action appears to be related to a state court foreclosure judgment because Plaintiff alleges the fraud claim arises from Defendant's "post-judgement actions regarding the special master's foreclosure sale." Complaint at 2. The Court cannot at this time determine whether it has jurisdiction over this case because the Complaint does not contain any factual allegations describing Defendant's post-judgment actions.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and orders Plaintiff to file an amended complaint. To allow the Court to determine whether it has jurisdiction over this matter, the response and the amended complaint must: (i) identify all lawsuits in federal or state court dealing with the same facts involved in this action including the name of each court, case name and number; and (ii) "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "the time [and date], place, and contents of the false representation, the identity of the party making the false statements and

the consequences thereof," *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006), and allegations regarding "knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, [and] intent to deceive and to induce reliance on the misrepresentation," *Williams v. Stewart*, 2005-NMCA-061 ¶ 34. Plaintiff must also file a copy of the state-court foreclosure judgment. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**